In the matter of William Dunning, on petition to vacate assessment for grading &c. 129th street, in the city of New York.

When objections are made by a person assessed, to an assessment for a local improvement in the city of New York, and are disallowed by the assessors, it is the duty of the assessors to present such objections, with the assessment, to the board of revision, for the purpose of enabling that board to correct the errors, if any, of the assessors.

And an omission by the assessors to submit such objections to the board of revision is an "irregularity" in "the proceedings relative to an assessment," within the meaning of the statute of 1858, in relation to "frauds in assessments for local improvements in the city of New York," (*Laws of* 1858, *ch.* 338, § 1,) which authorizes an application to a judge of this court, to vacate the assessment.

MOTION to vacate an assessment for grading &c. One hundred and twenty-ninth street, in the city of New York.

Ingraham, J. It is conceded that the objections of the petitioner to the assessment were regularly made, to the assessors, and that the same were not allowed by them. It is also admitted that these objections were not sent to the board of revision, and that the assessment was confirmed by that board without any notice on their part that such objections had been made.

The statute (*Laws of* 1841, *ch.* 171,) provides that if, on receiving objections, the assessors shall not deem it proper to alter their assessment, it shall be their duty to present such objections, with the assessment, to the persons authorized to confirm the same. It is apparent, from these provisions, that it was intended that objections made to the assessors should be submitted to the board of revision for the purpose of enabling them to correct the errors (if any were made) of the assessors. No other mode is provided by which the parties assessed can obtain relief; and if the assessors can refuse to submit such objections to the board, and excuse such refusal by saying the statute is

merely directory, the persons assessed are to be left without remedy. This deprives them of a substantial right to have their objections heard and passed upon by the board of revision, and was not only clearly irregular, but, was the means of depriving them of any relief from unjust assessment at the mere will of the assessors.

There can be no doubt that it was, under any view of it, an irregularity in levying the assessment. The submission to the board of revision was for the express purpose of confirming the assessment, and making it a lien on the property, and an omission so to submit it comes within the terms used in the act of 1858, as " the proceedings relative to an assessment," (*Laws of* 1858, *ch.* 338, § 1;) and being an act in violation of law, is at least a legal irregularity, as provided for in that statute.

I think the assessment should be vacated.

Motion granted.